**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0233n.06
Filed: March 30, 2005

**Nos. 03-2558/04-1099**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Petitioner/Cross Respondent, | ) | ON PETITION FOR REVIEW |
| | ) | AND CROSS-APPLICATION FOR |
| v. | ) | ENFORCEMENT OF A FINAL |
| | ) | ORDER OF THE NATIONAL |
| NATIONAL LABOR RELATIONS BOARD, | ) | LABOR RELATIONS BOARD |
| | ) | |
| Respondent/Cross Petitioner | ) | O P I N I O N |
| | ) | |
| UNITED FOOD AND COMMERCIAL | ) | |
| WORKERS UNION, LOCAL 880, AFL-CIO, | ) | |
| | ) | |
| Intervenor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**BEFORE: NORRIS AND GIBBONS, Circuit Judges, TODD, District Judge.**[*]

**TODD, District Judge.** Petitioner-appellant Wal-Mart Stores, Inc. seeks review of a

Decision and Order of the National Labor Relations Board ("NLRB" or "Board"). The NLRB

cross-appeals for enforcement of the Order. The NLRB determined that Wal-Mart violated section

8(a)(1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(1), at its Noblesville,

---

[*]The Honorable James D. Todd, Chief District Judge for the Western District of Tennessee, sitting by designation.

Indiana store by discriminatorily prohibiting union organizers from handbilling on the premises and causing the local police to threaten the union organizers with arrest if they did not leave the premises. The sole argument raised by Wal-Mart in this appeal is that, based on Sixth Circuit precedent, it did not act discriminatorily toward the handbillers. Because we conclude that Wal-Mart is precluded from raising this argument on appeal by section 10(e) of the NLRA, 29 U.S.C. § 160(e), we DENY Wal-Mart's petition for review and GRANT the NLRB's cross-petition for enforcement of its Order.

## I. Procedural History

This case came before the NLRB on charges filed January 10, 2001, by the United Food and Commercial Workers International Union, Local 880, AFL-CIO ("Union"). The Union alleged that Wal-Mart discriminatorily prohibited union organizers from handbilling at its Noblesville, Indiana, store even though they were in compliance with Wal-Mart's written policy on solicitation and distribution activity and discriminatorily caused the local police to instruct the handbillers to leave the premises and to threaten them with arrest if they refused. The Union also alleged that Wal-Mart violated the NLRA at its Muncie, Indiana, store by engaging in surveillance of union activity.

Following a hearing, an administrative law judge ("ALJ") issued a decision and recommended order on December 14, 2001, finding that Wal-Mart violated the NLRA at the Noblesville store, but dismissing the allegation related to the Muncie store. The ALJ recommended that Wal-Mart be ordered to cease and desist discriminating against union organizers in connection with its solicitation policy or "[i]n any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act." (JA 20.)

The ALJ also recommended that Wal-Mart be ordered to post a notice to employees at the Noblesville store informing them of their rights under section 7 of the NLRA. Exceptions to the decision were filed by Wal-Mart, the Union, and the NLRB's General Counsel. The NLRB affirmed the ALJ's findings on November 28, 2003.

## II. Facts

On August 4, 2000, Wal-Mart sent a memo to its store managers setting forth its policy on solicitation and distribution of literature on store premises. The policy prohibited all solicitation and distribution inside the store but allowed it outside the store as long as individuals did not block the entrances and exits of the store and remained at least fifteen feet away.

On August 15, 2000, union organizers Alberta Jordan-Rigsby and Jeffrey Kimbrough began distributing union literature to Wal-Mart employees outside the two main entrances of a Wal-Mart Supercenter in Noblesville, Indiana. Jordan-Rigsby and Kimbrough were ten to fifteen feet away from the entrances and were not blocking the entrances or exits. After approximately ten minutes, assistant manager Jeff Staton came outside and asked the union organizers to leave. Jordan-Rigsby told Staton that attorneys for the Union and Wal-Mart had agreed that the handbilling could take place as long as they did not block the entrances or interfere with customers, and continued to distribute the union literature. A second assistant manager, Patty Budds, came outside and also told the organizers to leave, stating that Wal-Mart did not support unions.

When Jordan-Rigsby and Kimbrough did not leave the premises, Staton called the police. Patrol Officer Timothy Hendricks arrived and Staton advised him that the union organizers did not have permission to handbill and asked Hendricks to give them a warning for trespassing. Hendricks

did so and asked them to leave. Jordan-Rigsby and Kimbrough complied with Hendricks' request and left. No Wal-Mart employee ever informed the organizers that Wal-Mart's policy would allow them to continue to distribute literature as long as they remained fifteen feet away from the entrances.

### III. Standard of Review

The Board's findings of fact will not be disturbed as long as they are supported by substantial evidence in the record as a whole. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488-91 (1951). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dupont Dow Elastomers, L.L.C. v. NLRB,* 296 F.3d 495, 500 (6th Cir. 2002) (citation omitted). We also review the NLRB's application of law to the particular facts of the case under the substantial evidence standard. *See NLRB v. Talsol Corp.*, 155 F.3d 785, 793 (6th Cir. 1998). The Board's conclusions of law are subject to de novo review, and its reasonable interpretations of the NLRA are to be afforded deference. *Lee v. NLRB*, 325 F.3d 749, 754 (6th Cir. 2003).

### IV. Analysis

The courts have recognized that as a general rule, "an employer cannot be compelled to allow distribution of union literature by nonemployee organizers on his property." *Lechmere, Inc. v. NLRB*, 502 U.S. 527, 533 (1992). However, there is a "discrimination exception" to the general rule which states that an employer violates section 8(a)(1) of the NLRA if it denies a union access to its premises "while allowing similar distribution or solicitation by nonemployee entities other than the union." *Lucile Salter Packard Children's Hosp. v. NLRB*, 97 F.3d 583, 587 (D.C. Cir. 1996);

*see also NLRB v. Babcock & Wilcox Co.*, 351 U.S. 105, 112 (1956) ("[A]n employer may validly post his property against nonemployee distribution of union literature if . . . the employer's notice or order does not discriminate against the union by allowing other distribution."); *6 West Ltd. Corp. v. NLRB*, 237 F.3d 767, 779 (7th Cir. 2001); *Four B Corp. v. NLRB*, 163 F.3d 1177, 1183 (10th Cir. 1998).

Wal-Mart argues, however, that under *Albertson's, Inc. v. NLRB*, 301 F.3d 441 (6th Cir. 2002), *Sandusky Mall Co. v. NLRB*, 242 F.3d 682 (6th Cir. 2001), and *Cleveland Real Estate Partners v. NLRB*, 95 F.3d 457 (6th Cir. 1996), *overruled on other grounds by NLRB v. Webcor Packaging, Inc.*, 118 F.3d 115 (6th Cir. 1997), an employer's no solicitation policy is not discriminatory unless it "favors one union over another, or allows employer related information while barring similar union-related information." *Cleveland Real Estate Partners*, 95 F.3d at 465. In each of these cases, union handbilling was prohibited while charities and/or civic organizations were allowed to solicit, and in each case, the court held that the prohibition was not discriminatory. *See Albertson's*, 301 F.3d at 451-52; *Sandusky Mall*, 242 F.3d at 692; *Cleveland Real Estate Partners*, 95 F.3d at 461-65. Therefore, Wal-Mart contends that it may treat union solicitation and distribution of literature differently than comparable nonunion activity. Wal-Mart also contends that there is no evidence that it favored one union over another or distributed employer information while prohibiting union information.

The NLRB and the Union rely upon section 10(e) of the NLRA, 29 U.S.C. § 160(e), and *Woelke & Romero Framing v. NLRB*, 456 U.S. 645 (1982) to argue that this court cannot consider the argument made by Wal-Mart on appeal because it was never raised in the proceedings before

- 5 -

the NLRB. Section 10(e) provides, in pertinent part: "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." In *Woelke*, the Supreme Court held that section 10(e) barred judicial review of an issue when it was raised by neither the NLRB nor the employer during the proceedings before the Board. 456 U.S. at 665-66.

During the NLRB proceedings, it was Wal-Mart's position that Jordan-Rigsby and Kimbrough were handbilling inside the Noblesville store when they were asked to leave. Therefore, Wal-Mart's argument that it did not discriminate against the union organizers was based entirely on the assertion that it treated the union organizers the same as nonunion individuals seeking to solicit or distribute literature inside the store. The ALJ, however, credited the testimony of those witnesses who testified that Jordan-Rigsby and Kimbrough were handbilling outside the store, rather than inside. Thus, the ALJ found that Wal-Mart violated section 8(a)(1) of the NLRA when it asked the handbillers to leave and called the police to threaten them with arrest for trespassing, rather than following the policy that allowed their activity as long as it occurred at least fifteen feet from the store entrances. Although Wal-Mart filed numerous exceptions to the ALJ's decision, at no time did it contend that it could legitimately treat union handbilling and nonunion handbilling differently.

The theory that Wal-Mart raises for the first time in this appeal was not raised at any time during the NLRB proceedings. Furthermore, Wal-Mart does not claim that there are extraordinary circumstances that would excuse its failure to do so. Therefore, judicial review of Wal-Mart's argument is barred pursuant to section 10(e) of the NLRA and *Woelke*.

**V. Conclusion**

For the foregoing reasons, we DENY Wal-Mart's petition for review of the NLRB's Decision and Order and we GRANT the NLRB's cross-petition and enforce the Board's Order in full.